# Exhibit 1

# Plea Agreement

```
TARA K. MCGRATH
United States Attorney
W. MARK CONOVER
Assistant U.S. Attorney
California Bar No. 236090
Office of the U.S. Attorney
880 Front St., Room 6293
San Diego, CA 92101

Attorneys for United States of America
```

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 24CR_____-JLS |
|---|---|
| v. | PLEA AGREEMENT |
| LEONARD GLENN FRANCIS, | |
| Defendant. | |

IT IS HEREBY AGREED between UNITED STATES OF AMERICA, through its counsel, Tara K. McGrath, United States Attorney, and W. Mark Conover and Fred Sheppard, Assistant United States Attorneys, and Defendant LEONARD GLENN FRANCIS, with the advice and consent of Doug Sprague, counsel for Defendant, as follows:

I

THE PLEA

Defendant agrees to plead guilty to an Information charging Defendant with failure to appear, in violation of 18 U.S.C. 3146.

This plea agreement is part of a "package" disposition with the plea agreement previously accepted by this Court in cases United States v. Francis, et al, Case Nos. 13CR3781, 13CR3782, 13CR4287. For Defendant to receive the benefits of this agreement, Defendant must proceed to a

Plea Agreement                                                  Def. Initials ___

combined sentencing hearing on all four cases, which is currently set for November 5, 2024.

## II

## NATURE OF THE OFFENSE

A. <u>ELEMENTS EXPLAINED</u>

The offense to which Defendant is pleading guilty has the following elements:

1. Defendant was released from custody under the Bail Reform Act while pending sentencing for an offense punishable by 15 years or more in custody;

2. Defendant had been ordered to appear before a judicial officer on September 22, 2022, as a condition of his release;

3. Defendant knew of this required appearance; and

4. Defendant willfully failed to appear as required by his conditions of release.

B. <u>ELEMENTS UNDERSTOOD AND ADMITTED – FACTUAL BASIS</u>

Defendant has fully discussed the facts of this case with defense counsel. Defendant has committed each element of the crime and admits that there is a factual basis for this guilty plea.

The following facts are true and undisputed:

1. On or about September 16, 2013, Defendant was arrested in the Southern District of California and charged in *United States v. Leonard Glenn Francis*, Case Nos. 13CR3781, 13CR3782, 13CR4287 with three felonies: Conspiracy to Commit Bribery, Bribery (18, U.S.C § 201(b)(1)(A) and (C) and 201(b)(2)(A)), and Conspiracy to Defraud the United States (18 U.S.C §371). The maximum term of imprisonment for Bribery is 15 years.

2. Defendant was in pretrial custody from the date of his arrest until on or about December 18, 2017, when he was released under the Bail Reform Act by order of the Court and under the supervision of Pretrial Services.

3. From December 18, 2017, through September 4, 2022, Defendant was out of custody and on bond.

4. As part of his conditions of release, the Honorable Janis L. Sammartino, a United States District Judge, ordered that Defendant appear in court in the Southern District of California on September 22, 2022.

5. Defendant knew of this required appearance.

6. On or about September 4, 2022, in the Southern District of California, Defendant removed the GPS bracelet from his ankle without permission.

7. Defendant then fled the United States, initially to Mexico, then to Cuba, and finally to Venezuela, in part to flee from his upcoming sentencing.

8. On or about September 22, 2022, Defendant willfully failed to appear in court, as previously ordered.

### III

### PENALTIES

The crime to which Defendant is pleading guilty carries the following penalties:

    A. a maximum 10 years in prison;

    B. a maximum $250,000.00 fine;

    C. a mandatory special assessment of $100; and

    D. a term of supervised release of up to 3 years. Failure to comply with any condition of supervised release may result in revocation of supervised release, requiring Defendant to serve in prison, upon revocation, all or part of the statutory maximum term of supervised release.

Pursuant to Title 18, United States Code, Section 3146(b)(2), a term of imprisonment imposed under this section, if any, shall be consecutive to the sentence of imprisonment for any other offense.

Plea Agreement      3      Def. Initials 

## IV
## DEFENDANT'S WAIVER OF TRIAL RIGHTS AND UNDERSTANDING OF CONSEQUENCES

This guilty plea waives Defendant's right at trial to:

A. Continue to plead not guilty and require the Government to prove the elements of the crime beyond a reasonable doubt;

B. A speedy and public trial by jury;

C. The assistance of counsel at all stages;

D. Confront and cross-examine adverse witnesses;

E. Testify and present evidence and to have witnesses testify on behalf of Defendant; and,

F. Not testify or have any adverse inferences drawn from the failure to testify.

Defendant has been advised by counsel and understands that because defendant is not a citizen of the United States, defendant's conviction in this case makes it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States. Defendant may also be denied United States citizenship and admission to the United States in the future.

## V
## DEFENDANT ACKNOWLEDGES NO PRETRIAL RIGHT TO BE PROVIDED WITH IMPEACHMENT AND AFFIRMATIVE DEFENSE INFORMATION

Any information establishing the factual innocence of Defendant known to the undersigned prosecutor in this case has been turned over to Defendant. The Government will continue to provide such information establishing the factual innocence of Defendant.

If this case proceeded to trial, the Government would be required to provide impeachment information for its witnesses. In addition, if Defendant raised an affirmative defense, the Government would be required to provide information in its possession that supports such a

Plea Agreement                          4                          Def. Initials

defense. By pleading guilty Defendant will not be provided this information, if any, and Defendant waives any right to this information. Defendant will not attempt to withdraw the guilty plea or to file a collateral attack based on the existence of this information.

## VI

## DEFENDANT'S REPRESENTATION THAT GUILTY PLEA IS KNOWING AND VOLUNTARY

Defendant represents that:

A. Defendant has had a full opportunity to discuss all the facts and circumstances of this case with defense counsel and has a clear understanding of the charges and the consequences of this plea. By pleading guilty, Defendant may be giving up, and rendered ineligible to receive, valuable government benefits and civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. The conviction in this case may subject Defendant to various collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case; debarment from government contracting; and suspension or revocation of a professional license, none of which can serve as grounds to withdraw Defendant's guilty plea.

B. No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this agreement or otherwise disclosed to the Court.

C. No one has threatened Defendant or Defendant's family to induce this guilty plea.

D. Defendant is pleading guilty because Defendant is guilty and for no other reason.

## VII

## AGREEMENT LIMITED TO U.S. DEPARTMENT OF JUSTICE

This plea agreement is limited to the United States Department of Justice ("United States") and cannot bind any other authorities in any type of matter, although the United States will bring this plea agreement to the attention of other authorities if requested by Defendant. The United States promises not to prosecute Defendant for any other conduct arising out of the investigation that led to the

Plea Agreement                                5                           Def. Initials

charges in case nos. 13CR3781, 13CR3782, and 13CR4287 or otherwise known to the United States as of the date of this Agreement, including any criminal conduct admitted to by Defendant leading to the Information filed in this case.

## VIII

### APPLICABILITY OF SENTENCING GUIDELINES

The sentence imposed will be based on the factors set forth in 18 U.S.C. § 3553(a). In imposing the sentence, the sentencing judge must consult the United States Sentencing Guidelines (Guidelines) and take them into account. Defendant has discussed the Guidelines with defense counsel and understands that the Guidelines are only advisory, not mandatory. The Court may impose a sentence more severe or less severe than otherwise applicable under the Guidelines, up to the maximum in the statute of conviction. The sentence cannot be determined until a presentence report is prepared by the U.S. Probation Office and defense counsel and the Government have an opportunity to review and challenge the presentence report. Nothing in this plea agreement limits the Government's duty to provide complete and accurate facts to the district court and the U.S. Probation Office.

The Sentencing Addendum attached hereto and incorporated herein by reference as if set forth in the original, governs the parties' Guidelines recommendations.

## IX

### SENTENCE IS WITHIN SOLE DISCRETION OF JUDGE

This plea agreement is made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). The sentence is within the sole discretion of the sentencing judge who may impose the maximum sentence provided by statute. It is uncertain at this time what Defendant's sentence will

be. The Government has not made and will not make any representation about what sentence Defendant will receive. Any estimate of the probable sentence by defense counsel is not a promise and is not binding on the Court. Any recommendation by the Government at sentencing also is not binding on the Court. If the sentencing judge does not follow any of the parties' sentencing recommendations, Defendant will not withdraw the plea.

## X

## PARTIES' SENTENCING RECOMMENDATIONS

The Sentencing Addendum attached hereto and incorporated herein by reference, as if set forth in the original, governs the parties' sentencing calculations and custodial recommendations in this case and case Nos. 13CR3781, 13CR3782, and 13CR4287.

The United States will not be obligated to recommend any adjustment for acceptance of responsibility if the defendant engages in conduct inconsistent with acceptance of responsibility in this matter including, but not limited to, the following:

1. Failing to truthfully admit a complete factual basis as provided in this plea agreement at the time the plea is entered, or falsely denying or making a statement inconsistent with, the factual basis set forth herein;

2. Falsely denying prior criminal conduct;

3. Being untruthful with the government, the Court or the Probation Office; or

4. Materially breaching this plea agreement in any way.

//
//
//

## XI

## SPECIAL ASSESSMENT/FINE/SUPERVISED RELEASE

1. Special Assessment

The parties will jointly recommend that Defendant pay a special assessment in the amount of $100.00 per felony count of conviction to be paid forthwith at time of sentencing. Special assessments shall be paid through the office of the Clerk of the District Court by bank or cashier's check or money order made payable to the "Clerk, United States District Court."

2. Fine

The parties have no agreement as to a fine, if any, the Court may order the defendant pay.

3. Supervised Release

If the Court imposes a term of supervised release, Defendant will not seek to reduce or terminate early the term of supervised release until Defendant has served at least 2/3 of the term of supervised release and has fully paid and satisfied any special assessments, fine, criminal forfeiture judgment, and restitution judgment.

## XII

## DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK

The Sentencing Addendum attached hereto and incorporated herein by reference, as if set forth in the original, governs the defendant's waiver of appeal and collateral attack in this case.

## XII

## BREACH OF THE PLEA AGREEMENT

Defendant and Defendant's attorney know the terms of this agreement and shall raise, before the sentencing hearing is complete, any claim that the Government has not complied with this agreement. Otherwise,

such claims shall be deemed waived (that is, deliberately not raised despite awareness that the claim could be raised), cannot later be made to any court, and if later made to a court, shall constitute a breach of this agreement.

Defendant breaches this agreement if Defendant violates or fails to perform any obligation under this agreement. The following are non-exhaustive examples of acts constituting a breach:

1. Failing to plead guilty pursuant to this agreement;
2. Failing to fully accept responsibility as established in Section X above;
3. Failing to appear in court;
4. Attempting to withdraw the plea;
5. Failing to abide by any court order related to this case;
6. Appealing (which occurs if a notice of appeal is filed) or collaterally attacking the conviction or sentence in violation of the Sentencing Addendum filed in conjunction with the plea agreement; or
7. Engaging in additional criminal conduct from the time of arrest until the time of sentencing.

If Defendant breaches this plea agreement, Defendant will not be able to enforce any provisions, and the Government will be relieved of all its obligations under this plea agreement. For example, the Government may proceed to sentencing but recommend a different sentence than what it agreed to recommend above. Or the Government may pursue any charges including those that were dismissed, promised to be dismissed, or not filed as a result of this agreement (Defendant agrees that any statute of limitations relating to such charges is tolled indefinitely as of the date all parties have signed this agreement;

Defendant also waives any double jeopardy defense to such charges). In addition, the Government may move to set aside Defendant's guilty plea. Defendant may not withdraw the guilty plea based on the Government's pursuit of remedies for Defendant's breach.

Additionally, if Defendant breaches this plea agreement: (i) any statements made by Defendant, under oath, at the guilty plea hearing (before either a Magistrate Judge or a District Judge); (ii) the factual basis statement in Section II.B in this agreement; and (iii) any evidence derived from such statements, are admissible against Defendant in any prosecution of, or any action against, Defendant. This includes the prosecution of the charge(s) that is the subject of this plea agreement or any charge(s) that the prosecution agreed to dismiss or not file as part of this agreement, but later pursues because of a breach by the Defendant. Additionally, Defendant knowingly, voluntarily, and intelligently waives any argument that the statements and any evidence derived from the statements should be suppressed, cannot be used by the Government, or are inadmissible under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, and any other federal rule.

## XIII

## CONTENTS AND MODIFICATION OF AGREEMENT

This plea agreement, which incorporates the Sentencing Addendum to be filed at the same time, embodies the entire agreement between the parties as to the defendant's failure to appear for sentencing in September 2022, and supersedes any other agreement, written or oral, as

to that failure to appear. No modification of this plea agreement shall be effective unless in writing signed by all parties.

## XIV

## DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT

By signing this agreement, Defendant certifies that Defendant has read it (or that it has been read to Defendant in Defendant's native language). Defendant has discussed the terms of this agreement with defense counsel and fully understands its meaning and effect.

## XV

## DEFENDANT SATISFIED WITH COUNSEL

Defendant has consulted with counsel and is satisfied with counsel's representation. This is Defendant's independent opinion, and Defendant's counsel did not advise Defendant about what to say in this regard.

TARA K. MCGRATH
United States Attorney

9/27/2024
DATED

W. MARK CONOVER
FRED SHEPPARD
Assistant U.S. Attorneys

9/24/2024
DATED

DOUG SPRAGUE
Defense Counsel

IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" SECTION ABOVE ARE TRUE.

9/23/2024
DATED

LEONARD GLENN FRANCIS
Defendant

Plea Agreement                              11                              Def. Initials ___

# Exhibit 2 Information

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. _____ |
|---|---|
| v. | **I N F O R M A T I O N** |
| LEONARD GLENN FRANCIS, | Title 18, U.S.C., Sec. 3146 – Failure to Appear for Sentencing |
| Defendant. | |

The United States Attorney charges:

**COUNT 1**

On or about September 22, 2022, in the Southern District of California, the defendant, LEONARD G. FRANCIS, having been released pursuant to Chapter 207 of Title 18, United States Code, while awaiting sentence after conviction for an offense punishable by imprisonment for a term of 15 years or more in *United States v. Francis*, et. al, Criminal Case Nos. 13CR3781, 13CR3782, 13CR4287, did knowingly and willfully fail

//

//

to appear before the Honorable Judge Janis L. Sammartino as required by his conditions of release, in violation of 18 U.S.C. § 3146(a)(1).

DATED: September ____, 2024.

                                      TARA K. McGRATH
                                      United States Attorney

                                      Assistant U.S. Attorney